IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **GERARDO VILLAGARCIA,** | **CASE NO. 2:05-cv-810** |
| | **JUDGE GREGORY L. FROST** |
| **Petitioner,** | **MAGISTRATE JUDGE MARK R. ABEL** |
| **v.** | |
| **WARDEN, Noble Correctional Institution,** | |
| **Respondent.** | |

**OPINION AND ORDER**

On January 11, 2007, the Magistrate Judge issued a Report and Recommendation (Doc. # 17) recommending that claims one through four of the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed and that the petition conditionally be granted on claims eight and nine, in which Petitioner asserts that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004). The Magistrate Judge also recommended that the remainder of Petitioner's claims be dismissed as moot. Respondent has filed objections (Doc. # 21) to the Magistrate Judge's recommendation that the writ conditionally be granted on claims eight and nine. Although Petitioner was advised of his right to object to the Magistrate Judge's Report and Recommendation and of the consequences of failing to do so, he nevertheless has not filed any objections to the Report and Recommendation. For the reasons that follow, this Court concludes that Respondent's objections are not well taken.

Petitioner, Gerardo Villagarcia, was convicted on February 6, 2003 after a jury trial in the Franklin County Court of Common Pleas on two counts of child endangering and felonious assault arising from injuries sustained by five-month-old Madison Freditz, a child who was in Petitioner's care. On March 24, 2003, Villagarcia was sentenced to serve seven years each on

the felony of the second degree child endangering and the felonious assault counts and four years on the felony of the third degree count of child endangering, with all sentences to be served concurrently. March 24, 2006 Return of Writ, Exhibit 4. On direct appeal, Villagarcia did not challenge the constitutionality of his sentence. He did argue that the trial judge had sentenced him to more than the minimum term without making the required findings under Ohio Rev. Code § 2929.14(B). On March 28, 2004, the Ohio Court of Appeals affirmed Villagarcia's convictions, but reversed his sentence and remanded for re-sentencing because the trial judge had failed to make the required statutory findings and had failed to provide Villagarcia proper notice regarding post-release control. Accordingly, the case was remanded for re-sentencing. Exhibit 9. After the Supreme Court of Ohio denied his motion for leave to appeal from that decision, the trial judge re-sentenced Villagarcia and imposed the same sentence. That sentence was journalized on January 23, 2004. Exhibits 13 and 14.

Villagarcia did not file a timely appeal of his re-sentencing. On September 15, 2005, Villagarcia, *pro se*, filed a motion for leave to file a delayed appeal. *Id.*, Exhibit 15. On October 28, 2005, the Ohio Court of Appeals denied the motion for delayed appeal, finding that Villagarcia had failed to provide sufficient reason for his failure to timely perfect an appeal. *Id.,* Exhibit 17. Villagarcia, again proceeding *pro se*, timely appealed that decision to the Supreme Court of Ohio. In his memorandum in support of jurisdiction, Villagarcia included the following propositions of law:

> IV. The sentence imposed is void pursuant the Sixth and Fourteenth Amendments to the United States Constitution, under federal law. Thus, Ohio's Sentencing Statutes are unconstitutional. Apprendi v. New Jersey, (2000), 530 U.S. 466; Ring v. Arizona, (2002), 536 U.S. 584; Blakely v. Washington, (2004), 124 S.Ct. 2531; United States v. Booker, 125 S.Ct. 738.

> V. The imposition of a sentence consisting of a prison term exceeding the shortest prison term specified in O.R.C. § 2929.14(A) for the felony offense of conviction violates the Defendant's right to a jury trial and right to Due Process under the Sixth and Fourteenth Amendments to the United States Constitution and the Defendant's right to grand jury presentment under the Fifth Amendment and under Article I, Section 10, of the Ohio Constitution, when the additional findings required by O.R.C. § 2929.14(B) for the imposition of a non-minimum prison term was not decided by a jury under the beyond a reasonable doubt

Exhibit 18. On March 8, 2006, the Supreme Court of Ohio dismissed the appeal. Exhibit 20.

Respondent objects solely to the Magistrate Judge's recommendation that the petition for a writ of habeas corpus conditionally be granted on Petitioner's claim that his sentence violated *Blakely*. Respondent raises all of the same arguments that were previously presented. Respondent again argues that Petitioner procedurally defaulted his *Blakely* claim by failing to raise the issue in his first appeal, although Ohio's Tenth District Court of Appeals affirmed Petitioner's convictions and remanded the case for re-sentencing on March 24, 2003, long before *Blakely* was decided. *See* Exhibit 9 to Return of Writ. Respondent nonetheless argues that Petitioner was required to raise his *Blakely* claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in order to preserve the issue for federal habeas corpus review.

In support of this argument, respondent refers *Furlow v. Moore*, No. 3:06-cv-108 (S.D. Ohio Jan. 25, 2007), wherein Chief United States Magistrate Judge Michael R. Merz recommended that a petitioner's *Blakely* claim be dismissed as procedurally defaulted because the petitioner had failed to raise the claim under *Apprendi* on direct appeal. The facts of *Furlow* differ from this case in that Furlow had filed his appellate brief prior to *Blakely,* but the state appellate court affirmed Furlow's sentence approximately three months after *Blakely* was decided. Arguably, therefore, Furlow could have requested to amend his appellate brief to

3

include a *Blakely* claim, or raised the claim in a timely appeal to the Ohio Supreme Court.[1] In any event, *Furlow* is not binding on this Court.

As discussed in the Report and Recommendation (Doc. # 17), Petitioner's sentence here did not violate *Apprendi* as that case had been interpreted prior to *Blakely*. This Court therefore remains unpersuaded by Respondent's argument that Petitioner was required to raise his *Blakely* claim under *Apprendi* as that case had been interpreted prior to *Blakely* in order to preserve the error for federal habeas corpus review. *See, e.g., United States v. Burgess*, 142 F. App'x 232, 240 (6th Cir. June 22, 2005) (no ineffective assistance of counsel for failing to predict *Blakely)*; *Green v. United States*, 65 F.3d 546, 551 (6th Cir. 1995); *United States v. Gonzalez-Lerma*, 71 F.3d 1537, 1542 (10th Cir. 1995); *Nelson v. Estelle*, 642 F.2d 903, 908 (5th Cir. 1981); *Conley v. United States*, Nos. 1:05-cv-369 & 1:02-cr-68, 2005 WL 1420843, at *3 (W.D. Mich. June 15, 2005).

Respondent also again argues at length that the Ohio Court of Appeals' denial of Petitioner's *Blakely* claim, although incorrect, did not constitute an "objectively unreasonable" application of federal law as determined by the United States Supreme Court. He asserts that the appellate court made a "thoughtful and well considered decision" in light of the confusion in federal and state courts immediately following *Blakely* and because there was "no Supreme Court precedent available to explain whether *Blakely* was applicable to Ohio's sentencing statutes." (Doc. # 21, at 4-21.)

These arguments are without merit. The state appellate court rejected Petitioner's

---

[1] Furlow apparently failed to file a timely appeal to the Ohio Supreme Court. He first presented his *Blakely* claim to the state courts in an application to reopen the appeal pursuant to Ohio App. R. 26(B).

4

*Blakely* claim by reasoning that Petitioner was not sentenced beyond the statutory maximum authorized for the offenses of conviction. *See* Exhibit 17 to Return of Writ. Such reasoning constituted an objectively unreasonable application of *Blakely,* which defined " 'statutory maximum' for *Apprendi* purposes [as] the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely,* 542 U.S. at 303. *See* 28 U.S.C. §2254(d), (e); *Williams v. Taylor*, 529 U.S. 362 (2000).

      The Court further notes that the United States Supreme Court in *Cunningham v. California*, 127 S. Ct. 856 (2007), recently struck California's determinate sentencing law as unconstitutional under *Blakely*. California's determinate sentencing law was similar to Ohio's sentencing statutes, which the Ohio Supreme Court subsequently struck as unconstitutional in *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006). California's statutes authorized the defendant to be sentenced to a lower, mid, or upper term, but obligated the trial court to impose the middle term unless the judge found certain aggravating factors to exist. The United States Supreme Court held that "[b]ecause the DSL authorizes the judge, not the jury, to find the facts permitting an upper term sentence, the system cannot withstand measurement against our Sixth Amendment precedent." *Cunningham*, 127 S. Ct. at 871. Here, Ohio's statute likewise required trial judges to make their own findings before imposing more than the minimum sentence. *See Foster*, 109 Ohio St. 3d at 19-20, 845 N.E.2d at 489-90.

      Finally, citing *Washington v. Recuenco*, 126 S. Ct. 2546 (2006), Respondent contends that the *Blakely* error was harmless because, upon remand, the trial judge may simply impose the same sentence or any sentence within the statutory range authorized for the offenses of conviction. (Doc. # 17, at 21-27.) The state law involved in *Washington* required a three-year

sentencing enhancement if a defendant used a firearm to commit an assault, but a one year enhancement if he used a "deadly weapon." The verdict form asked the jurors whether the defendant used a "deadly weapon." They answered that question affirmatively. The evidence at trial was that defendant used a firearm to commit the assault. The lower court held that it was a *Blakely* error for the trial judge to make the finding that defendant used a firearm and impose a three-year sentencing enhancement instead of a one-year enhancement based on the jury verdict that defendant used a deadly weapon. *Id.* at 2549-50. The United States Supreme Court held that the lower court erred in holding that the error was structural and could not be harmless. *Id.* at 2551-53. Notably, the Supreme Court also explained that because there was an open issue as to whether state law provided for a procedure by which the jury could have made a finding pertaining to the possession of a firearm, the possibility existed that Recuenco would be unable to demonstrate that his specific *Blakely* violation was not harmless. *Id.* at 2550. *Washington* is therefore not analogous to the case here where there is no contention that the jury could not have conducted the factfinding.

Respondent also cites *Minor v. Wilson*, No. 05-3534, 2007 WL 106771 (6th Cir. Jan. 17, 2007), in support of the harmless error argument. In *Minor*, an unpublished decision, the United States Court of Appeals for the Sixth Circuit rejected Minor's claim of ineffective assistance of appellate counsel for failing to raise a claim that Minor's sentence violated state law. The federal appellate court concluded that Minor could not establish prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984), because the trial court had clearly indicated its intent to impose consecutive sentences despite its failure to comply with Ohio's sentencing statutes when it did so. In a footnote, the Sixth Circuit stated that Minor could not benefit from the Ohio

Supreme Court's decision in *Foster* because *Foster* applied only to cases pending on direct review and because its holding actually worked "to Minor's detriment, as trial courts are no longer required to make any findings or give any reasons when imposing consecutive sentences." *Minor*, 2007 WL 106771, at *3 n.1. This dictum in the not-controlling *Minor* is also not analogous to the instant case because it fails to address the precise situation involved here.

Respondent additionally cites *Shafer v. Wilson*, No. 1:06-cv-648, 2007 WL 315760 (N.D. Ohio Jan. 30, 2007), wherein Judge Gwin concluded that in light of *Foster* a *Blakely* error was harmless:

> After the Ohio Supreme Court's decision in *State v. Foster,* sentencing judges are free to impose any sentence within the applicable statutory range without the need to make any specific judicial findings. *See Foster,* 845 N.E.2d at 496. Stated otherwise, because Ohio remedied its unconstitutional sentencing regime by making its guidelines advisory, there is no reason to believe the Petitioner would receive a more favorable sentence if the Court grants his habeas request for relief. In light of the fact that the Supreme Court has held that *Blakely* violations are not "structural" errors that require automatic reversal, we therefore agree with Respondent that no basis exists for granting the Petitioner's request for relief despite the fact that his re-sentencing clearly did violate *Blakely*.

*Id*. at *11. The flaw in this reasoning is that it equates a possibility of no actual prejudice in terms of the eventual sentence received with an actuality of no prejudice resulting from a constitutional error. The error in *Washington* may or may not have been impossible to remedy by jury factfinding, but speculation that a judge might repeat his or her sentence without explicit factfinding does not render an error harmless as a certainty. The former scenario involves the realities of state law–either it affords an avenue to render the error harmless or it does not–while the latter presupposes a reality in which but one outcome is certain. But because more than one

7

outcome is possible upon re-sentencing, basing harmlessness on an assumed certainty is flawed. It converts the concept of harmless error in this context into a doctrine of *always* harmless error. Such conversion is especially dangerous when, as here, the possibility of a different sentence must logically preclude any habeas court from saying for a *certainty* that the error is harmless. *See United States v. Hazelwood,* 398 F.3d 792, 801 (6th Cir. 2005) ("Under the harmless error test, a remand for an error at sentencing is required unless we are certain that any such error was harmless").

Therefore, after review of the record, this Court is unable to conclude that the *Blakely* error here constituted harmless error. The Sixth Circuit has explained the contours of the harmless error concept and its reliance on certainty:

> To establish harmless error such that this Court lets stand a defendant's sentence in spite of errors at trial or sentencing below, the government must "prove that none of the defendant's substantial rights [has] been affected by the error." *United States v. Oliver,* 397 F.3d 369, 381 (6th Cir. 2005) ( *citing* Fed. R. Crim. P. 52(a)); *United States v. Barnett,* 398 F.3d 516, 530 (6th Cir. 2005). *See also Arizona v. Fulminante,* 499 U.S. 279, 296, 111 S. Ct. 1246, 113 L. Ed.2d 302 (1991) (noting that the government bears the burden of proof on harmless error); *United States v. Olano,* 507 U.S. 725, 734, 113 S. Ct. 1770, 123 L. Ed.2d 508 (1993) (same). To carry this burden, the government must demonstrate... with certainty that the error at sentencing did not "cause[ ] the defendant to receive a more severe sentence." *Oliver,* 397 F.3d at 379 (internal citation omitted); *United States v. Hazelwood,* 398 F.3d 792, 801 (6th Cir. 2005) ("Under the harmless error test, a remand for an error at sentencing is required unless we are *certain* that any such error was harmless.") (emphasis added).

*United States v. Johnson*, 467 F.3d 559, 564-65 (6th Cir. 2006). Additionally, as another judge in this Circuit has noted,

8

> In a habeas corpus proceeding, to determine whether a constitutional trial error is harmless, a federal court must decide whether the error " 'had substantial and injurious effect or influence in determining the jury's verdict.' " *Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), *quoting Kotteakos v. U.S.,* 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). If a federal judge in a habeas proceeding "is in grave doubt about whether a trial error of federal law has substantial and injurious effect or influence in determining the jury's verdict, that error is not harmless. And, the Petitioner must win." *O'Neal v. McAninch,* 513 U.S. 432, 436, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995) (internal quotation omitted). The harmless error analysis articulated in *Brecht* applies even if a federal habeas court is the first to review for harmless error. *Gilliam v. Mitchell,* 179 F.3d 990, 995 (6th Cir.1999).

*Lakin v. Stine,* 358 F. Supp. 2d 605, 616 (E.D. Mich. 2005). Thus, as the Sixth Circuit has held,

> Under the harmless error test, a remand for an error at sentencing is required unless we are certain that any such error was harmless- *i.e.* any such error "did not affect the district court's selection of the sentence imposed." *Williams v. United States,* 503 U.S. 193, 203, 112 S. Ct. 1112, 117 L. Ed.2d 341 (1992).

*Hazelwood*, 398 F.3d at 801 (noting that the *possibility* of a lower sentence absent improper judicial factfinding meant "[t]he district court's error thus cannot be considered harmless").

In light of the foregoing discussion, this Court cannot conclude that the error was harmless. The trial court's re-sentencing entry indicates in relevant part: "After imposing sentence the Court gave its finding[s] and states its reasons for the sentence as required by R.C. 2929.19(B)(2)(a)(b) and (c)(d) and (e)." Exhibit 13 to Return of Writ. As discussed in the Report and Recommendation, however, Petitioner was sentenced to more than the presumptive minimum prison term under Ohio Rev. Code § 2929.14(B)(2).

That state statute provides:

[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:

(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.

(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.

Ohio Rev. Code § 2929.14(B).  In interpreting this statute, the Ohio Supreme Court has explained:

Thus, Ohio has a presumptive minimum prison term that must be overcome by at least one of two judicial findings. For someone who has never been to prison before (not necessarily a first-time offender), the court must find that the shortest term will "demean the seriousness" of the crime or will inadequately protect the public; otherwise, the court must find that the offender has already been to prison to impose more than a minimum term. R.C. 2929.14(B)(2).

Under R.C. 2929.14(b)(2), therefore, a court is not authorized to exceed the shortest prison term unless it makes the additional findings.

*Foster*, 109 Ohio St.3d at 19-20.

Nothing in the record here reflects that the findings required to be made by the court prior to imposing more than the minimum mandatory term under Ohio Rev. Code § 2929.14(B)(2) were either admitted by Petitioner or made by the jury.  The Court therefore concludes that it cannot find harmless error, regardless of whether the state trial court *may* re-impose the same sentence upon remand, because this Court is in grave doubt about whether the constitutional error had a substantial and injurious effect or influence in determining the sentence imposed.

10

The trial court's impermissible factfinding directed and enabled its selection of the then otherwise-unavailable sentence imposed.

Pursuant to 28 U.S.C. § 636(b)(1), this Court has conducted a *de novo* review of those portions of the Report and Recommendation objected to by Respondent. After careful consideration of the entire record and in light of both the foregoing reasons and the reasons detailed in the Magistrate Judge's Report and Recommendation, the Court **OVERRULES** Respondent's objections (Doc. # 21) and **ADOPTS** and **AFFIRMS** the Report and Recommendation (Doc. # 17).

The Court therefore **DISMISSES** Claims one through four and **CONDITIONALLY GRANTS** the petition for a writ of habeas corpus on Petitioner's claims eight and nine, wherein Petitioner asserts that his sentence violated *Blakely*. The State is **DIRECTED** to vacate Petitioner's sentence and release Petitioner unless it re-sentences him within ninety (90) days. The Court **DISMISSES** the remainder of Petitioner's claims as moot.

**IT IS SO ORDERED**.

                                                  s/ Gregory L. Frost
                                                  GREGORY L. FROST
                                                  UNITED STATES DISTRICT JUDGE